Opinion by
Mr. Justice Day.
Plaintiffs in error, who were plaintiffs in the trial court, are in this court seeking to reverse a summary judgment dismissing their claim.
The trial court assigned as its reason for the dismissal that the plaintiffs were guilty of laches. In this writ of error it was as'serted by the plaintiffs that laches is an affirmative defense which must be affirmatively pleaded under C.R.C.P. 8, and further that the inaction of the plaintiffs in not prosecuting their action does not constitute laches as a matter of law.
We find the judgment of the court is correct though the wrong terminology was used.
What happened is that the plaintiffs filed suit in 1958. In 1967 — eight years and eight months after the filing of the first suit — no serious effort had been made to prosecute the case. When the first suit had been in the court for five years and four months without prosecution it was dismissed, but without prejudice. Two years later the plaintiffs filed a second identical suit and then permitted it to stand without effort to prosecute it. The court came to the conclusion that the delays were inexcusable. A review of the record and a reading of the commentary by the court leads inescapably to the conclusion that the dismissal was for lack of prosecution which the court termed “laches.” This was merely a misnomer. Dismissal for failure to prosecute was proper.
The judgment is affirmed.
Mr. Chief Justice Pringle, Mr. Justice Kelley and Mr. Justice Hodges concur.